## The Clymene.*

*(Circuit Court, E. D. Pennsylvania. April 29, 1882.)*

1. PILOTAGE—ACT OF CONGRESS—COTERMINOUS STATES.

The act of congress of March 2, 1837, authorizing the master of a vessel bound to or from a port situate on waters which are the boundary between two states, to employ a pilot licensed by the laws of either state, applies to the pilotage laws of coterminous states situated upon a navigable river which is not a separating boundary between them.

2. SAME—CONFLICT OF LAWS.

A pilot licensed by the state of Delaware may recover for services in piloting a vessel up the Delaware bay and river to Philadelphia, notwithstanding a statute of Pennsylvania prohibiting any one from acting as such pilot without a Pennsylvania license.

Appeal from a decree of the district court sustaining a libel filed by a Delaware pilot against a steam-ship for piloting the latter to Philadelphia, the defence being that the libellant held only a Delaware license, and that there was a Pennsylvania statute prohibiting any one from acting as such pilot without a Pennsylvania license. The facts and the opinion of the district court are fully reported in 9 FED. REP. 164.

*Henry G. Ward, Morton P. Henry,* and *Richard C. McMurtrie,* for appellant.

*Curtis Tilton, Henry Flanders,* and *Hon. Thomas F. Bayard,* for appellee.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

McKENNAN, C. J. The question upon which the decision of this case turns is said to be one of great commercial importance, but I do not think it is difficult of solution. It involves the applicability of the act of congress of March 2, 1837, to the pilotage laws of coterminous states situated upon the same navigable waters, but which are not the separating boundary between them. If such states are within its purview, it is admitted that the libel must be sustained.

That the act of congress is operative upon the laws of states so situated I have no doubt. Such a construction is clearly within the reason of the act, and such was held to be its effect by the supreme court of Pennsylvania in *Flanigen* v. *Ins. Co.* 7 Pa. St. 306, in reference to the law of that state, which is in question here.

But I do not propose to do more than state the conclusion which I have reached. The opinion of the learned judge of the district court, in deciding this case, is so satisfactory that I adopt it as showing the reasons for the judgment of this court.

There must, then, be a decree in favor of the libellant for the amount of his claim, viz., $97.50, and costs.